**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000587**
**28-DEC-2020**
**08:03 AM**
**Dkt. 37 SO**

NO. CAAP-19-0000587

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
ROBERT T. COVINGTON, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(ʻEWA DIVISION)
(CASE NO. 1DTC-19-018947)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Defendant-Appellant Robert T. Covington, Jr.

(**Covington**) appeals from an (amended) August 13, 2019 Notice of

Entry of Judgment and/or Order and Plea/Judgment (**Judgment**)

entered against him by the District Court of the First Circuit,

ʻEwa Division, (**District Court**).[1]  After a bench trial, Covington

was convicted of Driving Without a License (**DWOL**), in violation

of Hawaii Revised Statutes (**HRS**) § 286-102 (Supp. 2019),[2] and

---

[1]    The Honorable William M. Domingo presided.

[2]    HRS § 286-102 provides, in pertinent part:

> **§ 286-102 Licensing.**  (a) No person, except one:
>
> (1)    Exempted under section 286-105;

(continued...)

Driving Without Motor Vehicle Insurance (**DWOI**), in violation of HRS § 431:10C-104(a) (2019).[3]

Covington raises two points of error on appeal contending that the District Court erred in: (1) concluding that sufficient evidence was adduced at trial proving, beyond a reasonable doubt, that Covington committed the offense of DWOL in violation of HRS § 286-102, and (2) concluding that sufficient evidence was adduced at trial proving, beyond a reasonable doubt, that Covington committed the offense of DWOI in violation of HRS § 431:10C-104(a).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

---

[2](...continued)

(2)    Who holds an instruction permit under section 286-110;

(3)    Who holds a limited purpose driver's license, limited purpose provisional driver's license, or limited purpose instruction permit under section 286-104.5;

(4)    Who holds a provisional license under section 286-102.6;

(5)    Who holds a commercial driver's license issued under section 286-239; or

(6)    Who holds a commercial driver's license instruction permit issued under section 286-236,

shall operate any category of motor vehicles listed in this section without first being appropriately examined and duly licensed as a qualified driver of that category of motor vehicles.

[3]    HRS § 431:10C-104 provides, in pertinent part:

**§ 431:10C-104. Conditions of operation and registration of motor vehicles.** (a) Except as provided in section 431:10C-105, no person shall operate or use a motor vehicle upon any public street, road, or highway of this State at any time unless such motor vehicle is insured at all times under a motor vehicle insurance policy.

the arguments advanced and the issues raised by the parties, we resolve Covington's points of error as follows:

The Hawaiʻi Supreme Court has held that an officer's testimony that a defendant failed to produce proof of no-fault insurance, along with the defendant's admission to the officer that he did not have no-fault insurance, was sufficient evidence to sustain a conviction for DWOI. State v. Lee, 90 Hawaiʻi 130, 135, 976 P.2d 444, 449 (1999). The supreme court noted that "it appears that it was the legislature's intent that the trier of fact might infer from the inability to produce an insurance identification card that there was no no-fault insurance coverage of the vehicle or the driver." Id.

Here, Honolulu Police Department Sergeant Melvin Conjugacion (**Sgt. Conjugacion**) testified that, after stopping a vehicle that had no license plate, he asked the driver, who he identified as Covington, for his license, insurance, and registration. Covington responded, *inter alia*, that he did not have a license or insurance because he did not recognize the government. Instead, Covington produced a Hawaiʻi State ID card to Sgt. Conjugacion.

Here, like the supreme court in Lee, we conclude that Sgt. Conjugacion's testimony to the effect that Covington failed to produce proof of no-fault insurance upon request, along with Covington's admission that he did not have no-fault insurance, was sufficient evidence to sustain a conviction for DWOI.

The <u>Lee</u> court commented on the legislative history of the no-fault statute as supporting a conviction based simply on an inference from a defendant's inability to produce an insurance identification card – even without a confession.  But here, as in <u>Lee</u>, the defendant (Covington) confessed to not having insurance or a driver's license, as well as failed to produce an insurance card or driver's license.  Covington cites <u>State v. Yoshida</u>, 44 Haw. 352, 354 P.2d 986 (1960), for the proposition that Covington's confession is not sufficient to establish the crime of DWOL, because it is unsupported by any other evidence.[4]  In <u>Yoshida</u>, the supreme court described the following as a "satisfactory general statement of the principle applicable on this appeal":

> The general rule now is that while the corpus delicti cannot be established by the extrajudicial confession of the defendant unsupported by any other evidence, it may be established by such a confession corroborated by other facts and circumstances.  It is not necessary to prove the corpus delicti by evidence entirely independent and exclusive of the confession, but sufficient proof to convict exists when the corpus delicti is established by other evidence and the confession taken together.

<u>Id.</u> at 360, 354 P.2d at 991 (citation omitted).

The supreme court clarified that the "other evidence" itself need not be sufficient to sustain a conviction, favorably quoting the following proposition stated by the U.S. Supreme Court:

> [W]e think the better rule to be that the corroborative evidence need not be sufficient, independent of the statements, to establish the *corpus delicti*.  It is necessary, therefore, to require the Government to introduce substantial independent evidence which would tend to

---

[4]     Covington makes the same argument for DWOI, but we conclude that <u>Lee</u> controls and we need not address it further.

> establish the trustworthiness of the statement. Thus, the independent evidence serves a dual function. It tends to make the admission reliable, thus corroborating it while also establishing independently the other necessary elements of the offense. It is sufficient if the corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth. Those facts plus the other evidence besides the admission must, of course, be sufficient to find guilt beyond a reasonable doubt.

Id. at 359, 354 P.2d at 991 (citation and internal quotation marks omitted).

In Yoshida, there was nothing in the "independent evidence" that proved the defendant's intent as positively and directly as his confession, but the circumstances tended to support his intent to solicit prostitution. Id. at 360-61, 354 P.2d at 992. Here, Covington's failure to produce a driver's license, when requested by Sgt. Conjugacion, did not positively and directly prove that he did not have a driver's license. However, it did provide circumstantial evidence tending to show that he did not in fact hold a valid driver's license. In addition to simply confessing that he did not have a license, Covington further offered a reason or explanation as to his motivation for why he did not have a driver's license – that he did not recognize the government. Viewing all of the evidence and inferences therefrom in the light most favorable to the prosecution, we conclude that Covington's confession that he did not have a license, along with the circumstantial evidence in this case, was sufficient to support his conviction for DWOL.

For these reasons, the District Court's August 13, 2019 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, December 28, 2020.

On the briefs:

Walter J. Rodby,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge